# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**CHARLES TOLLIVER,**                                                                         **PETITIONER**

**v.**                                                       **No. 2:05CV143-M-B**

**LEAKESVILLE, MS, ET AL.**                                                    **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Charles Tolliver for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved to dismiss the petition February 16, 2006. The petitioner has not responded. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

### Facts and Procedural Posture

Charles Tolliver pled guilty to burglary and grand larceny in the Circuit Court of Panola County, Mississippi. He was sentenced on these convictions September 22, 1988. The petitioner then proceeded to trial on a third count in the indictment and was convicted of rape in the Circuit Court of Panola County. The petitioner was sentenced October 8, 1988, to serve in the Mississippi Department of Corrections consecutive terms of thirty years on the rape conviction; fifteen years on the burglary plea and five years on the grand larceny plea. The Mississippi Supreme Court affirmed Tolliver's conviction and sentence for rape on May 6, 1992. *Toliver v. State,* 600 So. 2d 186 (Miss. 1992) (Cause No. 89-KA-0037). The petitioner did not file a petition for writ of *certiorari* to the United States Supreme Court. He filed the instant federal petition for a writ of *habeas corpus* July 27, 2005.

**Discussion**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

    C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The petitioner's judgment became final ninety days after the final decision in state court on August 4, 1992 (May 6, 1992 + 90 days). *See Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999); *see also* 28 U.S.C. § 2101; *Bell v. Maryland,* 378 U.S. 226, 232 (1964)) (time period in which petitioner could file a petition for writ of certiorari to Supreme Court must be considered in calculating date on which judgment becomes final). However, the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year time limit does not begin to run against a state prisoner prior to the statute's date of enactment, *i.e.*, April 24, 1996. Rather, federal *habeas corpus*

2

applicants whose conviction became final prior to April 24, 1996, are entitled to a one-year grace period until April 24, 1997, to file for federal habeas relief. *Grillete v. Warden, Winn Correctional Center,* 372 F.3d 765, 768 (5th Cir. 2004) (citing *Egerton v. Cockrell,* 334 F.3d 433, 435 (5th Cir. 2003)). Put simply, all convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's period of limitation. Thus, the deadline for the petitioner to file a petition for a writ of *habeas corpus* expired April 24, 1997.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on July 25, 2005, and the date it was received and stamped as "filed" in the district court on July 27, 2005. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 3,014 days (more than eight years) after the April 24, 1997, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of June, 2006.

                                                   /s/ Michael P. Mills
                                                  **UNITED STATES DISTRICT JUDGE**